IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN WATSON,

      Plaintiff,                      11cv1252
                                         **ELECTRONICALLY FILED**
      v.

BLESSEY MARINE SERVICES, INC.,

      Defendant.

**MEMORANDUM OPINION**

This is an action arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Pennsylvania Human Rights Act, 43 Pa.C.S.A. § 951 *et seq.* ("PHRA"). Plaintiff, Brian Watson, alleges Defendant, Blessey Marine Services, Inc., violated the ADA and PHRA primarily by failing to hire Plaintiff because of his record of medical disability and/or because Defendant regarded Plaintiff. Plaintiff seeks injunctive and monetary relief.

Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Defendant's Motion to Dismiss also seeks dismissal under Federal Rule of Civil Procedure 12(b)(3) claiming the Western District Court of Pennsylvania is not the proper venue. Defendant suggests, as an alternative to dismissal, that this matter be transferred to the United States District Court for the Eastern District of Louisiana. Finally, Defendant asserts that at a minimum, Plaintiff's PHRA claim should be dismissed because Defendant lacks the requisite number of employees to subject it to a PHRA claim.

Plaintiff, countering, argues Defendant possesses the requisite minimum contacts and suggests this Court's exercise of personal jurisdiction would comport with notions of fair play and substantial justice.

For the reasons that follow, Defendant's motion will be denied.

**I. BACKGROUND**

The following material facts are set forth in Plaintiff's Complaint and are accepted as true for purposes of this opinion unless otherwise noted.

Plaintiff, a merchant mariner, is a resident of Fayette County, Pennsylvania. Doc. no. 1, ¶ 3. Defendant is an inland tank barge and towing vessel company with offices in Harahan, Louisiana. *Id.* at ¶ 4.

In March of 2009, Plaintiff applied for an open riverboat pilot position with Defendant. *Id*. at ¶ 31. Defendant interviewed Plaintiff twice on the telephone. *Id.* at ¶ 32. Defendant "flew Plaintiff to its headquarters" in Louisiana for an additional interview and testing. *Id*. at ¶ 33.

The relevant portions of Plaintiff's affidavit indicate:

"In early March, 2009, I applied on [Defendant's] website for [the] Boat Pilot position. [Defendant's] Port Captain Ted Ewing telephoned me in Pennsylvania twice and interviewed me. Mr. Ewing told me that his plan was to place me on the *M/V Mitch Jones* with Pittsburgh as my hub city." Doc. no. 9-2 at ¶ 10.

"On March 10, 2009, [Defendant] flew me to their headquarters in Harahan, LA, where I was interviewed in person and extended a conditional offer of employment. . . . I completed substantial paperwork at [Defendant's] offices, including W-4 forms, direct deposit forms, insurance forms and others." *Id.* at ¶ 11.

"I was then taken to the offices of [Defendant's] medical testing agent Dr. Isabelle Ochsner, M.D. at Pelican State Outpatient Center for medical tests. *Id*. at ¶ 12  I discussed my prior operation with Dr. Ochsner and told her that I did not have any medical restrictions and had

been successfully working as a boat pilot for since my 100% successful surgery.  *Id.* at ¶ 13.  Dr. Ochsner placed me on "Medical Hold," and told me I needed another medical release from my neurosurgeon before she would let me work for [Defendant]." *Id.* at ¶ 14.

"The next morning, [Defendant's] Human Resources Manager Reggie Barnes and another official whose name I cannot recall called me to [Defendant's] office. . . . Mr. Barnes told me [Defendant] was . . . revoking its offer of employment.  *Id.* at ¶ 15.

## II.  STANDARD OF REVIEW

### A.  Personal Jurisdiction

When deciding a Rule 12(b)(2) motion predicated upon a lack of personal jurisdiction, "a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff."  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (internal quotes and citation omitted).  After a jurisdictional defense is raised, the plaintiff bears the burden of demonstrating that the defendant's affiliating contacts with the forum state are sufficient to give the court personal jurisdiction. *Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983).  To establish personal jurisdiction and defeat a Rule 12(b)(2) motion to dismiss, plaintiff must go beyond the pleadings and make an affirmative proof.  See *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) (plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper).

The Pennsylvania long arm statute permits the courts of Pennsylvania to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the Due Process clause of the Fourteenth Amendment.  *Dollar Sav. Bank v. First Sec. Bank, N.A.*, 746 F.2d 208,

211 (3d Cir. 1984). The Due Process clause permits courts to exercise two types of personal jurisdiction over a defendant – general and specific. See *Mellon Bank (East) PSFS, National Assocation v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992).

General jurisdiction is the broader of the two types, and is supported where a defendant has maintained systematic and continuous contacts with the forum state. See *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). The contacts need not be related to the particular claim proceeding in court. *Metcalfe*, 566 F.3d at 334. If a party is subject to the general jurisdiction of a state, that party can be called to answer any claim against her, regardless of whether the subject matter of the cause of action has any connection to the forum. *Mellon Bank*, 960 F.2d at 1221.

Absent "continuous and systematic" contacts, a plaintiff may rely on "specific jurisdiction" where the cause of action is related to or arises out of the defendant's contacts with the forum. *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 n.2 (3d Cir. 1998).

Conversely, if the cause of action is not related to the defendant's contacts with the forum state – *i.e.* the plaintiff cannot show specific jurisdiction – the plaintiff must make a stronger showing that the defendant has maintained "continuous and systematic" forum contacts. *Reliance Steel Products Company v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 588–89 (3d Cir.1982).

    B.    Venue

"Venue" refers to locality, the place where a lawsuit should be heard. The key to venue is that it "is primarily a matter of choosing a convenient forum.*" Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979). In most instances, the purpose of statutorily specified venue is to protect defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial. *Id*. at 183-84. The Court of Appeals for the Third Circuit has held that in a motion to

dismiss for improper venue under Rule 12(b)(3), defendant has the burden of proving improper venue. *Myers v. American Dental Association*, 695 F.2d 716 (3d Cir. 1982). Venue must be properly laid as to each defendant. *Eaby v. Richmond*, 561 F. Supp. 131, 140 n.2 (E.D. Pa. 1983).

The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979).

### III. DISCUSSION

#### A.  Personal Jurisdiction

If the district court does not hold an evidentiary hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). Notably, "by accepting the plaintiff's facts as true when a motion to dismiss is originally made, a court is not precluded from revisiting the issue if it appears that the facts alleged to support jurisdiction are in dispute." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir.1992).

Here, it is clear from Defendant's Motion to Dismiss and Plaintiff's opposition thereto, Plaintiff is claiming that specific personal jurisdiction enables him to hale Defendant into the United States District Court for the Western District of Pennsylvania.

In assessing the sufficiency of minimum contacts for personal jurisdiction, this Court must focus upon the "relationship among the defendant, the forum and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977)).

The contacts between the defendant and the forum must be judged "in light of the claim," the analysis focusing on whether it is "fair" to compel the defendant to defend in the forum state. *Keeton*, 465 U.S. at 775, 104 S.Ct. at 1478.

The United States Court of Appeals for the Third Circuit has determined that courts such as this one must consider a three-part inquiry when deciding if specific personal jurisdiction exists:

> First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) (internal quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros*, 466 U.S. at 414, 104 S.Ct. at 1872; *O'Connor*, 496 F.3d at 317. And third, if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'"

See *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (2009).

Moreover, in a case like the present one, where Plaintiff claims specific personal jurisdiction is predicated on the operation of Defendant's commercially interactive website, Defendant's mere operation of a website is insufficient to establish the "purposeful availment" requirement for specific personal jurisdiction. *Toys R Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). However, if a defendant either targets the website to the forum state, and/or knowingly conducting business with forum state residents via the website, then the "purposeful availment" requirement is satisfied. *Id*. Similarly, in cases where the defendant is clearly doing business through its website in the forum state, and where the claim relates to or arises out of use of the website, personal jurisdiction exists. *Id*. at 452.

In *D'Jamoos,* the Court of Appeals weighed in on specific personal jurisdiction via website interaction by holding that "the defendant's physical entrance into the forum is not necessary[;]" however, the defendant's contacts must amount to "a deliberate targeting of the

6

forum." 566 F.3d at 103 (citations omitted). The Court of Appeals further noted that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant is insufficient." *Id*. (citation and internal quotations omitted).

Here, Defendant operated a commercially interactive website. Plaintiff, a Pennsylvania resident, applied for a then-open job posted on Defendant's website. Based upon the application made by Plaintiff through the website, Defendant initiated contacted Plaintiff by telephone to further explore the possibility of a working relationship.

This Court finds that at the time of the first telephone contact with Plaintiff, Defendant knew or should have known that Plaintiff was a Pennsylvania resident. Certainly, by the second telephone contact/interview with Plaintiff, Defendant knew or should have known that Plaintiff was a Pennsylvania resident. Finally, when Defendant "flew" Plaintiff to its headquarters in Louisiana it knew it was communicating with a Pennsylvania resident.

Thus, given the extent of the contact with Plaintiff, the Court finds that Defendant "purposefully directed" its employee recruitment and hiring activities to this forum. Therefore the first part of the three-part *D'Jamoos* test is met.

Next, per Plaintiff's Complaint, this litigation is about Defendant's failure to hire Plaintiff for a job in violation of the ADA and the PHRA. What is undisputed is that Defendant failed to hire Plaintiff, a Pennsylvania resident, after Defendant actively and intentionally recruited Plaintiff for the job at issue from his home in Pennsylvania. In addition, there appears to have been a Pennsylvania medical professional who medically cleared Plaintiff to perform the job. This medical professional's opinion was allegedly required by Defendant in order for Plaintiff to meet the final hiring requirement. Thus, Plaintiff satisfies the second part of the minimum

contacts inquiry, which requires him to establish that his claim arises out of or relates to at least one of Defendant's purposeful contacts with the forum.

Finally, as noted above, Plaintiff has a Pennsylvania based medical professional who may be central to the case. In addition, Defendant has been subject to EEOC proceedings related to this matter in the Western District of Pennsylvania. Accordingly, by exercising personal jurisdiction in this matter this Court will be comporting with the notions of fair play and substantial justice thereby meeting the third part of the *D'Jamoos* inquiry.

**B.    Venue**

Venue in this ADA case is governed by the ADA which adheres to Title VII's venue provisions.[1] See generally, *Lewis v. Commonwealth of Pennsylvania*, civ no. 06-1162, 2007 WL 1247076 (W.D.Pa. April 5, 2007). The pertinent portion of Title VII pertaining to venue reads:

> (3) Each United States district court . . . shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action *may* be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action *might* have been brought.

42 U.S.C.A. § 2000e-5(f)(3) (emphasis added).

Here, Plaintiff's Complaint alleges that the gravamen of his claim arises out of occurrences which took place in Pennsylvania. For example, he contends his review of the job description and the completion of the written portion of the job application took place in Pennsylvania. He also alleges that Defendant initiated telephone conversations with him while

---

[1] This Court notes that Plaintiff incorrectly asserted in his Complaint that venue was proper based upon 28 U.S.C. §1391(b). See doc. no. 1 at ¶ 6. Given the nature of Plaintiff's case, venue here is conferred by 42 U.S.C.A. § 2000e-5(f)(3) as discussed above.

he was located in Pennsylvania and after two such conversations, flew him from Pennsylvania to Louisiana for purposes of solidifying a working relationship.

Additionally, according to the Complaint, at least one or more of the unlawful employment practices took place in Pennsylvania. See doc. no. 1 at ¶ 62, 72 ("[Defendant's General Counsel] stated that Plaintiff's decision to file an EEOC charge and his participation in the EEOC's investigation caused [Defendant] to abandon it[s] prior offer to employ Plaintiff." and "[Defendant] refused to employ Plaintiff because of his participation in the EEOC proceedings and/or his opposition to employment practices made unlawful [by] the ADA . . .").

Based on these allegations, which the Court must accept as true for purposes of deciding this Motion to Dismiss, the Court finds that Plaintiff has adequately pled facts which support this Court as a proper venue for this case. Based on this finding, the Court shall decline to dismiss or transfer this matter elsewhere.

### C.    Plaintiff's PHRA claim

The PHRA defines the term "employer" as an entity "employing four or more persons within the Commonwealth." 43 Pa.C.S.A. § 954. Defendant argues that Plaintiff's PHRA claim against it must be dismissed because the Complaint fails to alleged that Defendant employs four or more employees in Pennsylvania.

In response, Plaintiff argues that the "anti-retaliation" provision (43 Pa.C.S.A. § 955(d)) as well as the "aiding and abetting" provision of the PHRA (43 Pa.C.S.A. § 955(e)) cover not only "employers" but "persons" as well. The PHRA defines the term "person" as "one or more individuals, partnerships, associations, organizations, corporations, legal representatives, trustees in bankruptcy or receivers."

This Court concurs that Plaintiff should permitted to pursue his PHRA anti-retaliation and aiding-and-abetting claims against Defendant.

## IV. CONCLUSION

Based on the foregoing law and authority, Defendant's Motion to Dismiss shall be denied in all respects. The Court will also decline to transfer venue.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge
